LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ., NBN 7222
E-mail: mzirzow@lzlawnv.com
BENJAMIN M. CHAMBLISS, ESQ., NBN 11536
E-mail: bchambliss@lzlawnv.com
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169

*Attorneys for Debtor/Defendant*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| In re:<br><br>STEVEN BRADLEY POLK,<br><br>        Debtor.<br>────────────────────────<br>RON FILICE; and RONNIE VEGAS INVESTMENTS, LLC, a Nevada limited liability company,<br><br>        Plaintiffs,<br>v.<br><br>STEVEN BRADLEY POLK,<br><br>        Defendant. | Case No.: 25-16650-nmc<br>Chapter 7<br><br><br>Adv. No.: 26-01019-nmc<br><br><br>Hearing Date: April 23, 2026<br>Hearing Time: 9:30 a.m.<br><br><br><u>Scheduling Conference</u><br>Date: May 14, 2026<br>Time: 9:30 a.m. |

## MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), FED. R. BANKR. P. 7012(b), FED. R. CIV. P. 9(b), AND FED. R. BANKR. P. 7009

Defendant, STEVEN BRADLEY POLK ("Debtor" or "Defendant"), hereby submits his *Motion to Dismiss* (the "Motion") the *Complaint to Determine Non-Dischargeability of Debts* (the "Complaint") filed by RON FILICE ("Mr. Filice") and RONNIE VEGAS INVESTMENTS, LLC ("Ronnie Vegas" and together with Mr. Filice, "Plaintiffs"), for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), applicable in this adversary proceeding

1

pursuant to Fed. R. Bankr. P. 7012(b), and for failure to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b), applicable pursuant to Fed. R. Bankr. P. 7009.

This Motion is made and based upon the points and authorities herein, the pleadings and papers on file in this adversary proceeding and in the above-captioned bankruptcy case, judicial notice of which is respectfully requested, and the arguments of counsel presented at the time of the hearing on this Motion.

## I.    JURISDICTION AND VENUE

1.    On November 3, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case (the "Chapter 7 Case").[1] ECF No. 1.[2]

2.    The Court has subject matter jurisdiction to consider and determine this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1).

3.    Pursuant to 28 U.S.C. §§ 157(b)(2)(I), this Motion is a core proceeding.

4.    Pursuant to Local Rule 7008.1, Defendant consents to the entry of final orders and judgments by the bankruptcy judge in this matter.

5.    Venue is proper for this bankruptcy case in this District pursuant to 28 U.S.C. § 1408(1) and for this Adversary Proceeding pursuant to 28 U.S.C. § 1409(a).

## II.    RELEVANT BACKGROUND

6.    Defendant is an individual and the debtor in the Chapter 7 Case.

7.    According to the Complaint, Mr. Filice is the owner and principal officer of Ronnie Vegas, which in turn is a Nevada limited liability company. See AECF No. 1, ¶¶ 5-6. Plaintiffs are also creditors in the Chapter 7 Case.

---

[1] Unless otherwise noted, all references herein to a "Rule" are to the Federal Rules of Civil Procedure; all references to a "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure; all references to the "Bankruptcy Code" are to Title 11 of the United States Code; and all references to a "Local Rule" are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada.

[2] All citations to "ECF" are in reference to the filings on docket in the underlying bankruptcy case, 25-16650-nmc, and all citations to "AECF" are in refence to the filings on docket in the instant adversary proceeding, 26-01019-nmc.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

8. On Schedule D, Debtor listed Plaintiffs as holding a judgment from a lawsuit in the amount of $1,192,282.58 encumbering real property located at 4345 N. Dapple Gray Rd., Las Vegas, NV 89129 (the "Property"). ECF No. 16, pp. 19-20. Plaintiffs were also listed on Schedule G with respect to a business separation agreement involving multiple parties. Id. at p. 50.

9. Prior to the Petition Date, on or about April 4, 2025, Plaintiffs, Defendant, and multiple other parties entered into a *Business Separate, Settlement & Release Agreement* (the "Settlement Agreement"), a copy of which is attached to the Complaint. See AECF No. 1, Ex. A.[3]

10. On April 22, 2025, Plaintiffs commenced litigation for breach of contract against Debtor and Ivory Coast Investments, LLC ("Ivory Coast" and together with Debtor, the "Polk Entities"), and Chane S. Hines ("Hines") as a nominal defendant, in the Eighth Judicial District Court, Clark County, Nevada, Case No. A-25-917399-B (the "State Court Case"), which resulted in a default judgment being entered against Debtor and Ivory Coast (the "Judgment"). See ECF No. 16, p. 62; AECF No. 1, ¶¶ 55-56.

11. On Schedule A/B, Debtor listed his 50% ownership interest in the Property, identified Hines as the other 50% owner, indicated the Property was purchased February 22, 2022, and that it was subject to a writ from the State Court Case. ECF No. 16, p. 7.

12. On February 3, 2026, Plaintiffs filed their Complaint commencing the above-captioned adversary proceeding, seeking a determination of nondischargeability of the Judgment under section 523(a)(2)(A) of the Bankruptcy Code. AECF No. 1.

### III.   LEGAL ARGUMENT

**A.      Standards of Decision on a Motion to Dismiss**

13. One of the main policy objectives of the Bankruptcy Code is to provide a fresh start to the "honest but unfortunate" debtor. Mele v. Mele (In re Mele), 501 B.R. 357, 362-63 (B.A.P. 9th Cir. 2013) (quoting Bugna v. McArthur (In re Bugna), 33 F.3d 1054, 1059 (9th Cir. 1994),

---

[3] Judicial notice is appropriate under Fed. R. Evid. 201(b) for the purpose of noting the existence of the Settlement Agreement and its contents. See In re Double Jump, Inc., No. 19-50130-GS, 2022 WL 4390830, at *2 (Bankr. D. Nev. Sept. 22, 2022) (quoting United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003)).

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

citing Grogan v. Garner, 498 U.S. 279, 286-87 (1991)). By providing exceptions to discharge, the Bankruptcy Code "limits the opportunity for a completely unencumbered new beginning to the 'honest but unfortunate debtor.'" Grogan v. Garner, 498 U.S. at 286-87. "Taken together, these two basic principles suggest that exceptions to discharge should be limited to dishonest debtors seeking to abuse the bankruptcy system in order to evade the consequences of their misconduct." Sherman v. SEC (In re Sherman), 658 F.3d 1009, 1016 (9th Cir. 2011). Thus, it is well established that exceptions to discharge are construed strictly against the objecting party and liberally in favor of the debtor. See Kawaauhau v. Geiger, 523 U.S. 57, 62 (1998); Jett v. Sicroff (In re Sicroff), 401 F.3d 1101, 1104 (9th Cir. 2005); In re Mele, 501 B.R. at 363 (citing In re Bugna, 33 F.3d at 1059); see also 4 COLLIER ON BANKRUPTCY ¶ 523.05 (2010).

### 1.    Relevant Standards Under Rule 12(b)(6).

14.    Dismissal under Rule 12(b)(6) is proper when the complaint: (a) lacks a cognizable legal theory, or (b) fails to allege sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678; see also Hebbe v. Pliler, 627 F.3d 338, 341-342 (9th Cir. 2010).

15.    Plausibility requires pleading facts rising above the level of mere conceivability or possibility of conduct that entitles the pleader to relief. Iqbal, 556 U.S. at 678-79. "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly 550 U.S. at 555). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 678 (quoting Twombly

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

4

at 557). A complaint must do more than plead facts consistent with a defendant's liability, as this only establishes a *possibility* of recovery insufficient to avoid dismissal under Rule 12(b)(6).

16.     Furthermore, not all allegations must be accepted as true in a Rule 12(b)(6) context. As noted in Iqbal, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. Courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); see Homeaway.Com, Inc. v. City of Santa Monica, 918 F.3d 676, fn. 3 (9th Cir. 2019) (citing Twombly at 555)). Courts are "not required to draw a plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact are not admitted as true in a motion to dismiss." Id.; see Iqbal at 681.

17.     Only *reasonable* inferences and deductions may be drawn or deduced in assessing plausibility under Rule 12(b)(6). This is particularly important where, as here, a claim may initially appear to be supported by factual allegations, but the *plausibility* of such claim requires the court to draw unwarranted inferences, or inferences upon inferences, with respect to essential elements of the claim. See Caviness, 590 F.3d 806, at fn. 7 (finding, under Iqbal, no reasonable basis to draw factual inference from allegations in complaint to further infer legal conclusion of essential element of claim). Inferences and deductions are not *reasonably* drawn or deduced if they require a court's reliance upon conclusory allegations or legal conclusions couched as factual allegations, which themselves are not entitled to the presumption of truth in the face of a Rule 12(b)(6) motion to dismiss. See Iqbal at 681; Twombly at 555; Papasan, 478 U.S. at 286.

18.     A proper Rule 12(b)(6) analysis requires a court to "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth." Iqbal, 556 U.S. at 679. Only after identifying and disregarding conclusory allegations and legal conclusions should a court proceed with determining whether a complaint's remaining allegations, accepted as true, are sufficient to push its claims over the line of mere *possibility* of recovery and into the realm of *plausibility* of entitlement to relief. If the accepted allegations stop short of that line, dismissal under Rule 12(b)(6) is warranted. See Iqbal at 678; Twombly at 557.

**LARSON & ZIRZOW, LLC**
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

### 2. Relevant Standards Under Rule 9(b).

19. For fraud-based claims, Rule 9(b) requires the party alleging fraud to state "with particularity the circumstances constituting fraud." See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003). Rule 9(b)'s heightened "particularity" requirement for allegations of fraud applies to all fraud-based claims under § 523(a). See In re Etesmnia, No. 15-1005, 2015 WL 6736159 (B.A.P. 9th Cir. Feb. 3, 2015); In re Craciun, No. 13-1552, 2014 WL 2211742, at *4 (B.A.P. 9th Cir. May 28, 2014). To meet this heightened standard, a complaint must identify "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about the [purportedly fraudulent] statement, and why it is false." Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quotation omitted). If averments of fraud are insufficiently pled under Rule 9(b), a court should "disregard" those averments, or "strip" them from the claim, and then examine the allegations that remain to determine whether they state a claim for which relief can be granted. Vess, 317 F.3d at 1105; Sanford v. MemberWorks, Inc., 625 F.3d 550, 558 (9th Cir. 2010).

### 3. Additional Relevant Standards.

20. "Material which is properly submitted as part of the complaint may be considered on a motion to dismiss." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). A court may take judicial notice of matters in the context of a motion to dismiss pursuant to Fed. R. Evid. 201(b). See Mack v. S. Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). However, judicial notice is limited to the existence of a document and its contents, not the truth of the assertions of fact therein. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018). The Court may reject allegations contradicted by material it judicially notices. See Schwartz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).

. . .

6

**B.      Plaintiffs' § 523(a)(2)(A) Claim Should be Dismissed**

       **1.      Elements and Standards of a § 523(a)(2)(A) Claim.**

21.      Section 523(a)(2)(A) of the Bankruptcy Code provides an exception from discharge for any debt "for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To succeed on a § 523(a)(2)(A) claim, a plaintiff must establish: (1) misrepresentations, omissions, or deceptive conduct by a debtor; (2) debtor's knowledge of the falsity or deceptiveness of the same; (3) debtor's intent to deceive; (4) justifiable reliance by the creditor on the representations, omissions, or conduct; and (5) damages proximately caused by the creditor's reliance. See In re Sabban, 600 F.3d 1219, 1222 (9th Cir. 2010); In re Weinberg, 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009); In re Slyman, 234 F.3d 1081, 1085 (9th Cir. 2000) (citing In re Hashemi, 104 F.3d 1122, 1125 (9th Cir.1996); In re Eashai, 87 F.3d 1082, 1086 (9th Cir. 1996))).

22.      Fraud sufficient to support a claim under § 523(a)(2)(A) cannot be premised upon a mere breach of contract. See In re Barrack, 217 B.R. 598, 606 (B.A.P. 9th Cir. 1998) (citing In re Rubin, 875 F.2d 755, 759 (9th Cir. 1989)); In re Giquinto, 388 B.R. 152, 166 (Bankr. E.D. Pa. 2008) ("failure to perform as promised, standing alone, gives rise to a case for breach of contract, not actionable fraud."); see also 4 COLLIER ON BANKRUPTCY § 523.08[1][d] n.17 (Alan N. Resnick & Henry J. Somers eds., 16th ed.) ("The failure to perform a mere promise is not sufficient to make a debt nondischargeable, even if there is no excuse for the subsequent breach"). The failure to fulfill a promise to perform is dischargeable unless the promise was made with an intent not to perform or knowledge that performance would be impossible. See In re Eashai, 87 F.3d at 1088; In re Yaikian, 508 B.R. 175, 185 (Bankr. S.D. Cal. 2014) ("[t]he intention not to perform must be present when the agreement is formed; otherwise only a breach of contract is proven.").[4]

---

[4] This is also true under applicable state law for fraud claims. See, e.g., Cundiff v. Dollar Loan Ctr. LLC, 726 F. Supp. 2d 1232, 1238 (D. Nev. 2010) ("Nevada would hold that a misrepresentation as to future performance. . .is either fraudulent, i.e., the person never held that intention at the time he made the statement, or it was not a misrepresentation at all, the person simply later failed to perform as promised."); see also Rest. 2d Torts § 530, and comm. b and d.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

**2.    Analysis of the Complaint's § 523(a)(2)(A) Allegations.**

23.    In the case at hand, the Complaint's allegations fall into two substantively distinct categories involving: (1) alleged representations and agreements in or about September or October 2024, not directly relating to the Settlement Agreement [see AECF No. 1, ¶¶ 8-34]; and (2) allegations relating directly to the Settlement Agreement [id. at ¶¶ 35-51]. This initial distinction is important because the Complaint expressly asserts that "[t]he debt Plaintiffs seek to except from discharge arises from the Settlement Agreement. . .." Id. at ¶ 60. The allegations relating directly to the Settlement Agreement are further distinguishable, relating either to: (a) representations and warranties concerning the Settlement Agreement itself [id. at ¶¶ 38-45]; and (b) nonperformance under the Settlement Agreement [id. at ¶¶ 47-51]. This secondary distinction is also important, because Defendant's alleged representations and warranties concerning the Settlement Agreement itself form the foundation of Plaintiffs' § 523(a)(2)(A) claim.

24.    As to these foundational allegations, the Complaint first alleges the Settlement Agreement was entered into on or about April 4, 2025.[5] Id. at ¶ 36. The Complaint then alleges seven (7) representations or warranties contained in the Settlement Agreement, including: (1) paying a "Settlement Payment" by July 3, 2025 [id. at ¶ 38 (citing Ex. 1 at § 1(A)(i))]; (2) executing a deed of trust pledging the Property as security for the Settlement Payment [id. at ¶ 39 (citing same)]; (3) execution of the deed of trust by Hines, the joint tenant of the Property [id. at ¶ 40 (citing same)]; (4) executing a stock transfer form for shares of Acrisure Holdings, LLC as security for the Settlement Payment [id. at ¶ 41 (citing same)]; (5) transferring $24,000 to a Greenberg Traurig, LLP, trust account for distributions owed [id. at ¶ 43 (citing Ex. 1 at § 1(A)(ii))]; (6) transferring $24,000 to a Borg Law Group, LLC, trust account for estimated distributions [id. at ¶ 44 (citing same)]; and (7) depositing $5,000 into a Borg Law Group, LLC, trust account for tax liabilities [id. at ¶ 45 (citing Ex. 1 at § 3(C))]. The Complaint alleges Defendant breached the Settlement Agreement by failing to perform these contractual obligations. See id. at ¶¶ 47-51.

---

[5] This is the same date the Settlement Agreement defines as the "Closing Date." Id. at Ex. 1, p. 2, § 1.

8

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

25. The Complaint's § 523(a)(2)(A) claim rests on a foundation of representations and warranties contained in the Settlement Agreement itself, and the justifiable reliance standard applies to claims under § 523(a)(2)(A). "In determining whether a creditor's reliance was justifiable, a court should examine 'the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than [applying] a community standard of conduct to all cases.'" In re Riebesell, 586 F.3d 782, 792 (10th Cir. 2009) (quoting Field v. Mans, 516 U.S. 59, 74-75 (1995)). "Even under the 'justifiable' test, however, the plaintiff must 'use his senses' and at least make 'a cursory examination or investigation' of the facts of the transaction before entering into it." Ibid. While the "justifiable" reliance is less stringent than "reasonable" reliance applicable to § 523(a)(2)(B) claims, the justifiable reliance standard does not render reasonableness irrelevant, as "the greater the distance between the reliance claimed and the limits of the [objectively] reasonable, the greater the doubt about reliance in fact." Id. (quoting Field v. Mans, 516 U.S. at 76). "In effect, 'reasonableness goes to the probability of actual reliance.'" Ibid.

26. An allegation that Plaintiffs 'relied' on representations or warranties in the Settlement Agreement *may* be a factual allegation acceptable as true in the context of a motion to dismiss under Rule 12(b)(6). However, an allegation that such reliance was 'justified' is a legal conclusion couched as a factual allegation, which does not enjoy the privilege of being accepted as true absent factual enhancement. See Iqbal at 678-679. Factual enhancement for the legal conclusion of justifiable reliance is particularly necessary where, as here, the Settlement Agreement's execution date was also the "Closing Date" by which performance of Sections 1(A)(i)-(ii) and 3(C) of the Settlement Agreement was to be completed, and Plaintiffs acknowledge in the Settlement Agreement that they had an adequate opportunity to make whatever investigations or inquiries they deemed necessary or desirable prior to its execution. See AECF No. 1, Ex. 1, § 9(G). This speaks to "the qualities and characteristics of the particular plaintiff" for the justifiable reliance standard, as articulated in In re Riebesell, 586 F.3d at 792, as even under this lesser standard a plaintiff must "use his senses" and at least make "a cursory examination or investigation" of the facts. Field v. Mans, 516 U.S. at 74-75.

27.    Plaintiffs' averments of justifiable reliance upon representations in the Settlement Agreement, which were to be performed "on or before" the same day the Settlement Agreement was executed, require factual enhancement, as factually enhancing allegations are relevant to the issue of *actual* reliance – an issue not removed from analysis in a Rule 12(b)(6) context because "reasonableness goes to the probability of actual reliance" [Field v. Mans, 516 U.S. at 76], and there can be no justifiable reliance without actual reliance. Absent factually enhancing allegations, such as representations relating to the Settlement Agreement other than those contained therein, even an allegation of *actual* reliance, which might otherwise be acceptable as true, can itself be no more than a legal conclusion couched as a factual allegation, and thus would not be entitled to the privilege of being accepted as true under Rule 12(b)(6) in the absence of such factual enhancement. See Papasan v. Allain, 478 U.S. at 286; Iqbal, 556 U.S. at 679; Homeaway.Com, Inc., 918 F.3d at fn. 3 (citing Twombly, 550 U.S. at 555)).

28.    As a result of the Complaint's failure to plead factual enhancing allegations relating to Plaintiffs' actual and justified reliance upon representations or warranties contained in the Settlement Agreement, pursuant to the authorities discussed herein Plaintiffs' averments of "justified" as well as of "actual" reliance are legal conclusions not entitled to the presumption of truth, and as such they should be disregarded for purposes of determining whether the Complaint states a *plausible* claim for relief under § 523(a)(2)(A). See Iqbal at 678 (citing Twombly at 557). The Complaint's remaining allegations only rise to the level of demonstrating a *possibility* of entitlement to relief, which is insufficient to survive dismissal under Rule 12(b)(6). Id. The § 523(a)(2)(A) claim should not be salvaged by the Court drawing unwarranted inferences and deductions, particularly for a claim based on actual fraud rather than mere false representations or pretenses, because the Complaint also fails to plead fraud with requisite particularity under Rule 9(b), warranting dismissal under Rule 9(b) as well.

**3.    Analysis of Plaintiffs' § 523(a)(2)(A) Claim as Plead.**

29.    As noted above, the § 523(a)(2)(A) claim rests on a foundation of representations and warranties contained in the Settlement Agreement. See AECF No. 1, ¶¶ 38-41, 43-45.

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

10

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

Paragraphs 38, 39, 43, 44, and 45 of the Complaint all cite the Settlement Agreement as the source of their allegations. Paragraphs 40 and 41, however, are different. These paragraphs begin with statements citing the Settlement Agreement as the sources of their allegations, but end with conclusory statements implying other assurances or representations, and do so without identifying when, where, or how such assurances or representations were purportedly made with the particularity required by Rule 9(b). The Complaint attempts to build upon these conclusory statements by asserting Defendant "knowingly and intentionally misrepresented" them to Plaintiffs [see id. at ¶¶ 53-54, 61], but the foundational allegations still consist of unwarranted inferences and deductions incapable of being admitted as true under Rule 12(b)(6). See Iqbal at 681.

30.    Section 523(a)(2)(A) requires a plaintiff to establish that representations were knowingly false when made. See In re Rubin, 875 F.2d at 759; In re Siriani, 967 F.2d 302, 304 (9th Cir. 1992). Regarding "knowingly" false representations, the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") observed in a § 727(a)(4) context that a person acts knowingly if they act deliberately and consciously. In re Roberts, 331 B.R. 876, 883 (B.A.P. 9th Cir. 2005) (citing BLACK'S LAW DICTIONARY 888 (8th ed. 2004)). In Roberts, the BAP held that carelessness, and even recklessness, fail to meet the "knowingly" false standard, stating:

> An action is careless if it is "engaged in without reasonable care." This is a negligence standard, not a knowing misconduct standard. A false statement resulting from ignorance or carelessness does not rise to the level of "knowing and fraudulent."
>
> Similarly, recklessness does not measure up to the statutory requirement of "knowing" misconduct. An action is reckless if it creates, "a substantial and unjustifiable risk of harm to others [through] a conscious (and sometimes deliberate) disregard for or indifference to that risk. . . ."

Roberts, 331 B.R. at 884 (internal citations omitted). The BAP explained the "knowingly" standard for fraud under § 727(a)(4) is similar as under common law and § 523(a)(2)(A). See id. (citing In re Anastas, 94 F.3d 1280, 1284 (9th Cir. 1996) as quoting In re Britton, 950 F.2d 602, 604 (9th Cir. 1991) (construing fraud provision of § 523(a)(2)(A))). A misrepresentation is only fraudulent under common law if its maker: (a) knows or believes its subject matter is not as he represents it

11

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

to be; (b) does not have confidence in the accuracy of the representation he states or implies; or (c) knows he does not have a basis for the representation he states or implies. See In re Gertsch, 237 B.R. 160, 168 (B.A.P. 9th Cir. 1999) (quoting Restatement (Second) of Torts § 526 (1977)).

31.    For a § 523(a)(2)(A) claim, a complaint must sufficiently allege that the debtor **intentionally**, not carelessly or recklessly, made **knowingly** false representations, consistent with the comparative analysis in Roberts, the cases cited therein, and related cases cited above. Plaintiffs cannot rely on contractual representations in the Settlement Agreement itself to satisfy the "knowingly" false element of their § 523(a)(2)(A) claim, as these did not exist until *after* Plaintiffs allegedly decided to enter into the Settlement Agreement with Defendant. To the extent any allegedly false representations were made prior to execution of the Settlement Agreement, the act of execution itself did not render such representations "knowingly" false for purposes of establishing this essential element of the § 523(a)(2)(A) claim. Furthermore, as to any allegedly false representations made prior to execution of the Settlement Agreement, the Complaint fails to allege with specificity under Rule 9(b) when, where, or how such representations were made, and fails to allege whether and how Plaintiffs were damaged as a result of the same beyond the scope of ordinary damages associated with a breach of contract. These are essential elements of a fraudulent misrepresentations claim under § 523(a)(2)(A).

32.    Plaintiffs' averments of fraud are insufficiently pled under Rule 9(b), thus they should be disregarded and stripped from the claim before the Court determines whether what remains states a claim upon which relief can be granted. Vess, 317 F.3d at 1105; Sanford, 625 F.3d at 558. After stripping the Complaint of all conclusory allegations, legal conclusions couched as factual allegations, unwarranted deductions of fact, and unreasonable inferences, the allegations capable of being accepted as true demonstrate the § 523(a)(2)(A) claim is based upon a mere breach of contract, which is insufficient to maintain the claim as a matter of law. Therefore, Plaintiffs' § 523(a)(2)(A) claim should be dismissed under Rule 12(b)(6) for failure to state a plausible claim for relief, and under Rule 9(b) for failure to plead fraud allegations underpinning the claim with requisite particularity.

**IV. CONCLUSION**

WHEREFORE, Defendant requests that the Court dismiss Plaintiffs' Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), as made applicable pursuant to Fed. R. Bankr. P. 7012(b), and for failure to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b), made applicable pursuant to Fed. R. Bankr. P. 7009. Defendant also requests such other and further relief as is just and proper.

Dated: March 5, 2026.

By: /s/ Benjamin M. Chambliss, Esq.
LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ., NBN 7787
MATTHEW C. ZIRZOW, ESQ., NBN 7222
BENJAMIN M. CHAMBLISS, ESQ., NBN 11536
850 E. Bonneville Ave.
Las Vegas, Nevada 89101

*Attorneys for Debtor/Defendant*

LARSON & ZIRZOW, LLC
850 E. Bonneville Ave.
Las Vegas, Nevada 89101
Tel: (702) 382-1170 Fax: (702) 382-1169

13